UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNION HOME MORTGAGE CORP., | ) | CASE NO.: 1:25-CV-00318 |
| | ) | JUDGE J. PHILIP CALABRESE |
| *Plaintiffs*, | ) | |
| | ) | MAGISTRATE JUDGE JENNIFER |
| vs. | ) | DOWDELL ARMSTRONG |
| | ) | |
| MICHAEL BALLEW, ANDY (CARL) | ) | |
| BERRYMAN, ELIAS GONZALES, | ) | |
| PEDRO GONZALEZ, NICHOLAS | ) | |
| LICHWICK, HONG (BOBBY) LUU, | ) | **DEFENDANTS' MOTION TO DISMISS** |
| BLAIN ROSENBERRY, GEORGE | ) | |
| TABORA, and ROBERT WEBB, | ) | |
| | ) | |
| *Defendants*. | ) | |

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendants Michael Ballew, Andy (Carl) Berryman, Elias Gonzales, Pedro Gonzalez, Nicholas Lichwick, Hong (Bobby) Luu, Blain Rosenberry, George Tabora, and Robert Webb move to dismiss the action brought by Union Home Mortgage Corp. because this Court lacks subject matter jurisdiction.

A memorandum in support of this Motion is attached.

*/s/ Michael P. O'Donnell*
Michael P. O'Donnell (0078390)
Andrew J. Cleves (0089680)
Lauri P. Hartmann (0105246)
**FRANTZ WARD LLP**
200 Public Square, Suite 3000
Cleveland, Ohio 44114
216-515-1660 – Phone
modonnell@frantzward.com
acleves@frantzward.com
lhartmann@frantzward.com

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNION HOME MORTGAGE CORP., | CASE NO.: 1:25-CV-00318 |
| *Plaintiffs*, | JUDGE J. PHILIP CALABRESE |
| vs. | MAGISTRATE JUDGE JENNIFER DOWDELL ARMSTRONG |
| MICHAEL BALLEW, ANDY (CARL) BERRYMAN, ELIAS GONZALES, PEDRO GONZALEZ, NICHOLAS LICHWICK, HONG (BOBBY) LUU, BLAIN ROSENBERRY, GEORGE TABORA, and ROBERT WEBB, | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| *Defendants*. | |

**I.     INTRODUCTION**

Defendants Michael Ballew, Andy (Carl) Berryman, Elias Gonzales, Pedro Gonzalez, Nicholas Lichwick, Hong (Bobby) Luu, Blain Rosenberry, George Tabora, and Robert Webb (individually referred to as "Defendant" or collectively referred to as "Defendants"), move to dismiss the action brought by Union Home Mortgage Corp. ("Union Home" or "Plaintiff") because this Court lacks subject matter jurisdiction.

In Plaintiff's Complaint for Injunctive Relief and Damages (the "Complaint") ECF No. 1, Plaintiff asserts that each Defendant breached their contract with Plaintiff between January 9th and February 3rd of 2025, on the day of their voluntary resignations. Plaintiff brought this Complaint February 17th, 2025, just days after these alleged breaches. Plaintiff asserts that in addition to the breaches that occurred upon resignation, certain Defendants (Mr. Luu, Mr. Rosenberry, Mr. Tabora,

and Mr. Webb) also breached a contractual duty to repay bonuses. These amounts are alleged to range between $7,300.90 and $36,872.90.[1] Complaint ¶ 230.

Plaintiff filed this case and invoked diversity jurisdiction claiming that every Plaintiff is diverse from every Defendant and that each Defendant damaged Plaintiff in excess of $75,000 exclusive of interest and costs. The problem, however, is that Plaintiff has not alleged any facts that support its assertion that each Defendant caused it damages in excess of $75,000. In fact, the timeline of events and money damages alleged in its Complaint, demonstrate that Plaintiff cannot, in good faith, establish that the amount in controversy for each Defendant is in excess of $75,000. As such, this Court lacks subject matter jurisdiction to preside over this case and, therefore, it should be dismissed.

**II.    LAW AND ARGUMENT**

A Federal Court is one of limited jurisdiction which "possesses only power authorized by the Constitution and statute to adjudicate cases." (Citation omitted.) *Hale v. Morgan Stanley Smith Barney LLC*, 982 F.3d 996 (6th Cir. 2020). Where there is no federal question, the Federal Court only has subject matter jurisdiction in a civil case "where there is (1) complete diversity of citizenship between the plaintiff and all defendants and (2) an amount in controversy" exceeds $75,000, excluding interests and costs. 28 U.S.C. § 1332(a)." *Rajapakse v. Internet Escrow Servs.*, No. 22-6024, 2023 U.S. App. LEXIS 22262, at *5 (6th Cir. 2023). The party asserting subject-matter jurisdiction "has the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010).

---

[1] All owed bonuses have been repaid as of March 14, 2025.

The amount in controversy is determined at the time the Complaint is filed. *Gissendanner v. Riversource Life Ins. Co.*, No. 22-1577, 2023 U.S. App. LEXIS 18234, at *4, (6th Cir. 2023). To determine whether a plaintiff has met the amount in controversy requirement, courts look to the face of the Complaint and accept "plaintiff's good faith allegation." *Id*. The good faith standard is "objective and asks whether it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938)." *Id* at 5. Thus where "it appears to a legal certainty that plaintiff in good faith cannot claim the jurisdictional amount," the court should dismiss for lack of subject matter jurisdiction. *Id*.

Finally, it is well established that "jurisdiction cannot be conferred on the Circuit Court by joining in one bill against distinct defendants claims no one of which reached the jurisdictional amount." *Citizens' Bank v. Cannon*, 164 U.S. 319, 322, 17 S.Ct. 89, 41 L.Ed. 451 (1896). As such, Plaintiff cannot "secure jurisdiction in the federal court by joining separate defendants whose aggregate indebtedness to him exceeds the jurisdictional amount, unless the test of jurisdiction of joint liability of the defendants to him be met." (Citation omitted.) *Total Quality Logistics, LLC v. Covar Transp.*, No. 1:17-cv-797, 2017 U.S. Dist. LEXIS 210961, at *7 (S.D. Ohio Dec. 22, 2017).

Here, it is undisputed that the parties are diverse. Union Home Mortgage Corp. is an Ohio company with its principal place of business in Ohio. Compl. ¶ 2. Defendants are residents of Pennsylvania, Virginia, and North Carolina. Compl. ¶¶ 3-11.

Thus, the primary issue is that Union Home cannot claim "in good faith" that their damages per defendant meet the requisite $75,000 threshold.

The amount in controversy is considered at the time the complaint is filed, which was February 17, 2025, approximately one month after Defendants resigned and allegedly breached their respective agreements. Plaintiff has not offered any evidence to demonstrate how Union Home's damages from the Defendants' individual resignations and subsequent employment exceeds $75,000.00 for each individual Defendant. Even for the individual Defendants that Plaintiff alleges must repay bonuses, there is no explanation for what additional damages comprise $75,000, let alone how the individual Defendants that are not alleged to have to repay bonuses meet the jurisdictional threshold. Therefore, this court lacks subject matter jurisdiction.

**A. Union Home cannot establish that Michael Ballew's alleged breach has cause them the requisite damages to confer jurisdiction to federal court.**

Union Home asserts that by leaving his employment on January 31, 2025, and going to work with a competitor, Defendant Michael Ballew breached the non-compete provision of his employment contract. Union Home claims that this alleged breach "has and will continue to cause harm to Union Home's legitimate business interest, including its goodwill and confidential information, in an amount in excess of $75,000." Compl. ¶ 44.

Even construing these allegations as true for the purposes of this Motion, Union Home cannot establish, nor have they alleged, how were harmed in excess of $75,000 between January 31, 2025, when Ballew resigned, and February 17, 2025, when this Complaint was filed. Union Home has offered no evidence that Ballew has written any mortgages since January 31, 2025, let alone that he did so in violation of the Agreement, or that he did so and caused damages in excess of $75,000.

Therefore, as to Defendant Michael Ballew, the Complaint should be dismissed for lack of subject matter jurisdiction.

**B. Union Home cannot establish that Andy (Carl) Berryman's alleged breach has caused requisite damages to confer jurisdiction to federal court.**

Plaintiff next alleges that Defendant Andy (Carl) Berryman resigned and went to work for a competitor, which allegedly breached the non-compete provision of his employment contract. Compl. ¶ 63. Berryman also resigned January 31, 2025, just seventeen (17) days prior to the filing of this Complaint.

Union Home again alleges that the "breach has and will continue to cause harm to Union Home's legitimate business interests, including its goodwill and confidential information, in an amount in excess of $75,000." Compl. ¶ 63. However, Plaintiff fails to allege any facts to support that claim. Plaintiff does not explain or justify how it has been harmed in excess of $75,000 or give any indication of actual damages whatsoever.

Therefore, as to Defendant Andy (Carl) Berryman, the Complaint should be dismissed for lack of subject matter jurisdiction.

**C. Union Home cannot establish that Elias Gonzales' alleged breach has caused requisite damages to confer jurisdiction to federal court.**

As to Defendant Elias Gonzales, Plaintiff alleges similarly that there was a valid employment agreement between this Defendant and Union Home, and Defendant breached it by voluntarily resigning January 31, 2025, and going to work for a competitor. Compl. ¶¶ 80-82. Plaintiff likewise alleges that this "breach has and will continue to cause harm to Union Home's legitimate business interests, including its goodwill and confidential information, in an amount in excess of $75,000." Compl. ¶ 82.

Plaintiff again fails to allege any set of facts that show how this alleged breach caused it damages in the seventeen (17) days between Mr. Elias Gonzales' resignation and the Complaint being filed, let alone how any such damages are in excess of $75,000. Plaintiff has not alleged that

5

Defendant has generated any business in this time, that such business rightly belonged to Plaintiff, or that the damages are in the amount required to meet the threshold to confer diversity jurisdiction.

Therefore, as to Defendant Elias Gonzales, the Complaint should be dismissed for lack of subject matter jurisdiction.

**D. Union Home cannot establish that Pedro Gonzalez's alleged breach has caused requisite damages to confer jurisdiction to federal court.**

Plaintiff alleges that Defendant Pedro Gonzalez resigned from Union Home January 31, 2025, and began working for a competitor in breach of his employment agreement. Compl. ¶¶ 99-101. According to Plaintiff, this alleged breach "has and will continue to cause harm to Union Home's legitimate business interests, including its goodwill and confidential information, in an amount in excess of $75,000." Compl. ¶ 101.

Again, Plaintiff fails to demonstrate how it has determined, with any legal certainty, the requisite damages to permit federal jurisdiction as to this Defendant. Plaintiff offers no explanation for how this Defendant damaged it in excess of $75,000 in the seventeen (17) days between the alleged breach and filing of the Complaint.

Accordingly, the Complaint as to Defendant Pedro Gonzalez should be dismissed for lack of subject matter jurisdiction.

**E. Union Home cannot establish that Nicholas Lichwick's alleged breach has caused requisite damages to confer jurisdiction to federal court.**

Per the Complaint at paragraphs 118-120, Defendant Nicholas Lichwick breached his employment contract with Union Home by voluntarily resigning February 1, 2025, and working for a competitor. Plaintiff alleges this breach "has and will continue to cause harm to Union Home's legitimate business interests, including its goodwill and confidential information, in an amount in excess of $75,000." Compl. ¶ 120.

6

As with the other Defendants, Plaintiff has failed to establish the requisite damages to confer jurisdiction upon this court. Here, the time between resignation and filing of the Complaint was sixteen (16) days, and nowhere does Plaintiff allege any action or inaction in this time period that, in good faith, would amount to damages in excess of $75,000.

Therefore, the Complaint should be dismissed as to Defendant Nicholas Lichwick as Plaintiff has failed to establish the required amount in controversy to allow for diversity jurisdiction.

### F. Union Home cannot establish that Hong (Bobby) Luu's alleged breach has caused requisite damages to confer jurisdiction to federal court.

Plaintiff alleges that Defendant Hong (Bobby) Luu breached his agreement with Plaintiff and as such "has and will continue to cause harm to Union Home's legitimate business interests, including its goodwill and confidential information, in an amount in excess of $75,000. Compl. ¶ 142. In addition to the damages that allegedly accrued between Defendant Luu's February 3, 2025 resignation and the filing of this Complaint fourteen (14) days later, Plaintiff claims it is owed $36,872.90 in "unearned bonus" money. Compl. ¶¶ 138 and 235.

Even here, where Plaintiff has alleged an ascertainable amount with respect to the "unearned bonus," this amount still falls far below the amount in controversy requirement, and Plaintiff again has failed to establish how it has been damaged by Defendant Luu's departure beyond the "unearned bonus" amount. Plaintiff has not demonstrated in good faith that Defendant Luu's alleged breach by resigning and entering the employ of a competitor has damaged it in excess of an additional $38,127.10, the amount necessary to satisfy the judicial amount.

Therefore, as to Defendant Luu, even considering the unearned bonus amount, the Court should dismiss the Complaint for lack of subject matter jurisdiction.

7

**G. Union Home cannot establish that Blain Rosenberry's alleged breach has caused requisite damages to confer jurisdiction to federal court.**

Plaintiff alleges that Defendant Blain Rosenberry breached his agreement with Plaintiff and as a result of this alleged breach "has and will continue to cause harm to Union Home's legitimate business interests, including its goodwill and confidential information, in an amount in excess of $75,000. Compl. ¶ 142. In addition to the damages that allegedly accrued between Defendant Rosenberry's resignation January 31, 2025 and the filing of this Complaint, Plaintiff claims it is owed $22,178.69 in "unearned bonus" money. Compl. ¶¶ 160 and 235.

The Complaint is fatally flawed in that Plaintiff again has failed to allege, with legal certainty, an amount in controversy beyond $75,000. As such, Plaintiff has not alleged how Defendant Rosenberry's alleged breach and unearned bonus meets the judicial threshold.

Therefore, as to Defendant Rosenberry, even contemplating the "unearned bonus" amount for the purposes of this Motion, the Court should dismiss the Complaint for lack of subject matter jurisdiction as Plaintiff has not alleged a sufficient amount in controversy with any legal certainty.

**H. Union Home cannot establish that George Tabora's alleged breach has caused requisite damages to confer jurisdiction to federal court.**

Union Home alleges Defendant George Tabora breached the agreement with Plaintiff by resigning January 9, 2025 and then going to work for a competitor. Compl. ¶¶ 182 and 185. As such, Plaintiff alleges Defendant Tabora "has and will continue to cause harm to Union Home's legitimate business interests, including its goodwill and confidential information, in an amount in excess of $75,000. Compl. ¶ 186. Plaintiff further claims that Defendant Tabora failed to repay unearned bonuses in the amount of $7,300.90. Compl. ¶ 235.

Plaintiff has not alleged, in good faith, with any degree of legal certainty, how it has been damaged beyond $7,300.90. Plaintiff has failed to allege that Defendant has taken any action or inaction that has caused it harm in excess of the additional $67,699.10 between January 10, 2025

8

and February 17, 2025 that would be required to meet the jurisdictional threshold. Accordingly, as to Defendant Tabora, the Court should dismiss the Complaint for lack of subject matter jurisdiction.

### I. Union Home cannot establish that Robert Webb's alleged breach has caused requisite damages to confer jurisdiction to federal court.

Finally, Plaintiff alleges that Defendant Robert Webb breached his employment agreement with Plaintiff by resigning January 31, 2025 and then going to work for a competitor. Compl. ¶¶ 204 and 207. Due to this alleged breach, Plaintiff states that Defendant Webb "has and will continue to cause harm to Union Home's legitimate business interests, including its goodwill and confidential information, in an amount in excess of $75,000. Compl. ¶ 208. Like Defendants Luu, Rosenberry, and Tabora, Plaintiff also claims that Defendant Webb failed to repay unearned bonuses, this time in the amount of $43,291.83. Compl. ¶ 235.

As with the other Defendants, Plaintiff has not pled damages sufficient to warrant subject matter jurisdiction through diversity. Plaintiff has not established if or how Defendant Webb has damaged Plaintiff in excess of $75,000.

Accordingly, as to Defendant Webb, the Court should dismiss the Complaint for lack of subject matter jurisdiction.

### III. CONCLUSION

Plaintiff has failed, with respect to every single Defendant in this case, to plead an amount in controversy that meets the required $75,000 threshold to confer subject matter jurisdiction on this Court. Although Defendants acknowledge that the good faith requirement is generally a low bar to achieve, Plaintiff has failed entirely to allege any set of facts that would allow for an objective determination that any one of the nine Defendants has caused Plaintiff damage in excess of $75,000.

As it appears to a legal certainty on the face of the Complaint that the damages sought by Plaintiff per Defendant is well under $75,000, Defendants respectfully request this Court dismiss this case for lack of subject matter jurisdiction.

>Respectfully submitted,
>
>*/s/ Michael P. O'Donnell*
>Michael P. O'Donnell (0078390)
>Andrew J. Cleves (0089680)
>Lauri P. Hartmann (0105246)
>**FRANTZ WARD LLP**
>200 Public Square, Suite 3000
>Cleveland, Ohio 44114
>216-515-1660 – Phone
>modonnell@frantzward.com
>acleves@frantzward.com
>lhartmann@frantzward.com
>
>*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Dismiss was filed electronically on this 14th day of April 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

>*/s/ Michael P. O'Donnell*
>*One of the Attorneys for Defendants*

4912-8973-9574, v. 1